The Franklin Insurance Company of Indianapolis v. Cook.

———◆———

THE FRANKLIN INSURANCE COMPANY OF INDIANAPOLIS v. COOK.

BILL OF EXCEPTIONS.—*Supreme Court.—Evidence.—Application to Set Aside Default.*—On appeal to the Supreme Court, from the finding of a court upon an application to it to set aside a default, tried upon affidavits submitted by the parties, no question is presented as to the sufficiency of the evidence to sustain the finding, unless the bill of exceptions affirmatively shows that it contains all of the evidence.

From the Marion Superior Court.

J. E. *McDonald*, J. M. *Butler*, F. B. *McDonald* and G. C. *Butler*, for appellant.

*H. W. Harrington,* for appellee.

BIDDLE, J.—Action by Sophia Cook, against The Franklin Insurance Co. of Indianapolis, founded on a policy. The appellant was defaulted in the court below, and judgment rendered on the default, in favor of the appellee. Several weeks afterward, the appellant moved the court below, in writing, to set aside the default, and allow the appellant to plead to the action. Affidavits were filed in support of and against the motion, which the court, on a hearing of the case, overruled. Motion for a new trial was made, causes filed, motion overruled, exception taken, and an appeal to the general term, wherein the judgment at the special term was affirmed. Appeal to this court.

The bill of exceptions sets out various affidavits, etc., but nowhere informs us that it contains all the evidence. We must presume, therefore, that the court below properly overruled the motion to set aside the default, the process and service being sufficient on the face of the record.

The appellant assigns as error the insufficiency of the complaint, but the point is not noticed in the brief. We do not, therefore, consider it.

The judgment is affirmed, with costs.